Ramzi Abadou (SBN 222567)
KAHN SWICK & FOTI, LLP
912 Cole Street, # 251
San Francisco, California 94117
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

*Proposed Lead Counsel and Counsel
for Movant Saran Roley*

*[Additional counsel on signature page]*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

|  |  |
|---|---|
| STEVEN A. MULLEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY, C. ALLEN PARKER, TIMOTHY J. SLOAN and JOHN R. SHREWSBERRY,<br><br>Defendants | Case No. 3:20-CV-7674-WHA<br><br>**SARAN ROLEY'S SUPPLEMENTAL MEMORANDUM RE: FEBRUARY 4, 2021 HEARING**<br><br>**<u>CLASS ACTION</u>**<br><br>Judge:    Hon. William Alsup<br>Date:     February 4, 2021<br>Time:     8:00 a.m.<br>Courtroom:  12 – 19th Floor |

JASON WOOD, Individually and On Behalf of All Others Similarly Situated,

      Plaintiff,

     v.

WELLS FARGO & COMPANY, C. ALLEN PARKER, TIMOTHY J. SLOAN and JOHN R. SHREWSBERRY,

      Defendants

Case No. 3:20-CV-07997-WHA

The Court heard oral argument on the pending motions for appointment as lead plaintiff on February 4, 2021 (*see* ECF No. 68, "Hrg. Tr.") and permitted this supplemental briefing to reassess Norfolk County Council as Administrating Authority of the Norfolk Pension Fund's ("Norfolk") and Hawaii Employees' Retirement System's ("Hawaii") respective Class Period transactions in Wells Fargo & Co. ("Wells Fargo") securities. *See* Hrg. Tr. at 57:15-16 ("And the individual investor is free to say whatever [s]he would like on this subject . . . ."). It did so to determine whether they had profited from sales of their pre-Class Period holdings during the Class Period, which is consistent with the Ninth Circuit's instruction that district courts apply "financial interest" accounting methods that are "rational and consistently applied." *In re Cavanaugh*, 306 F.3d 726, 730 n.4 (9th Cir. 2002); *Tollen v. Geron Corp.*, 2020 U.S. Dist. LEXIS 85248, at \*7 (N.D. Cal. 2020) (Alsup, J.) (same).

On February 9, 2021, Norfolk provided Ms. Roley with its pre-Class Period holdings. Hawaii, whose submissions to date have been confusing, did not. *See In re Network Assocs. Sec. Litig.*, 76 F. Supp. 2d 1017, 1028 (N.D. Cal. 1999) (criticizing "numerical submissions [that] have been confusing and laced with errors and unspoken assumptions") (Alsup, J.). Nevertheless, under any measure, while Ms. Roley did not suffer the largest financial interest, she had no Class Period sales to compute or disclose. *See* ECF No. 36-3. Ms. Roley is not a net seller or net gainer. She is a quintessential net purchaser. *See In re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 2d 993, 996-97 (N.D. Cal. 1999) ("A net purchaser will . . . have a greater interest in the litigation, because he or she was induced by the fraud to purchase shares, and has been left 'holding the bag' when the fraudulent inflation is revealed."). Ms. Roley has no investment managers. No side deals. No pay to play exposure. Ms. Roley alone made the decision to purchase Wells Fargo securities during the Class Period and suffered a loss of approximately $885,000. Her typicality and adequacy remain uncontested.[1]

By contrast, each of the named Defendants who appeared at the February 4, 2021 hearing

---

[1]  *See Laborers Local 1298 Pension Fund v. Campbell Soup Co.*, 2000 U.S. Dist. LEXIS 5481, at \*11 (D.N.J. 2000) ("The Court also considers it desirable to have both an institutional investor, like Connecticut, and individual investors, like DeValle and Green, included as lead plaintiffs since each may bring a unique perspective to the litigation.").

undoubtedly left gratified with the prospect of Hawaii's appointment given the surprising details it disclosed about its financial interest during the hearing. Indeed, the Court itself found it remarkable that BlackRock was one of Hawaii's myriad investment managers during the Class Period.[2] In addition to serving as its investment manager, Hawaii had a nearly $450 million Class Period stake in BlackRock's iShares Core S&P 500 ETF mutual fund.[3] *See* Supp. Abadou Decl., Ex. 1 (excerpt from Hawaii's Comprehensive Annual Financial Report for its fiscal year ended June 30, 2019). BlackRock in turn invested in Wells Fargo securities on Hawaii's behalf during the Class Period while simultaneously serving as Defendant ***Wells Fargo's*** investment manager for its "Wells Fargo/BlackRock S&P 500 Index CIT." *See id*. at Ex. 2 (Wells Fargo/BlackRock S&P 500 Index CIT Collective Fund Disclosure); *In re Netflix, Inc., Sec. Litig*., 2012 U.S. Dist. LEXIS 59465, at *17 (N.D. Cal. 2012) ("[t]here is no requirement at this early [lead plaintiff] stage to prove a defense, only to show a degree of likelihood that a unique defense might play a significant role at trial.").

Ms. Roley, by contrast, is a "retired HR professional" who lives in Reno, Nevada. *See* ECF No. 60-1 at 6; *id*. at 5 ("This investment is my nest egg for retirement . . . ."); *see also Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) ("The Court also finds that with the appointment of one lead plaintiff who is an individual private investor and one lead plaintiff that is an institutional investor, the lead plaintiffs will represent a broader range of shareholder interests than if the Court appointed an individual or an institutional investor alone."). Ms. Roley respectfully submits that the risks associated, as here, with appointing an institutional investor as sole lead plaintiff against a financial institution like Wells Fargo cannot be understated. *See* H.R. REP. NO. 104-369, at 34 (1995) (Supp. Abadou Decl., Ex. 3).[4]

---

[2]   *See* Hrg. Tr. at 19:1-10 (The Court: Wait. Wait. Blackrock. You're telling me that Blackrock works for Hawaii?").

[3]   The putative Class Period is October 13, 2017 through October 13, 2020, inclusive.

[4]   *Id*. at 34 ("The Conference Committee recognizes the potential conflicts that could be caused by the shareholder with the 'largest financial stake' serving as lead plaintiff. As a result, this presumption may be rebutted by evidence that the plaintiff would not fairly and adequately represent the interests of the class or is subject to unique defenses.").

Respectfully submitted,

Dated: February 11, 2021

KAHN SWICK & FOTI, LLP

By:    */s/ Ramzi Abadou*

Ramzi Abadou (SBN 222567)
ramzi.abadou@ksfcounsel.com
KAHN SWICK & FOTI, LLP
912 Cole Street, # 251
San Francisco, California 94117
Telephone: (415) 459-6900
Facsimile: (504) 455-1498

-and-

Lewis S. Kahn
Alexander L. Burns
Alayne K. Gobeille
Morgan M. Embleton
KAHN SWICK & FOTI, LLC
1100 Poydras Street, Suite 3200
New Orleans, Louisiana 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@ksfcounsel.com
alexander.burns@ksfcounsel.com
alayne.gobeille@ksfcounsel.com
morgan.embleton@ksfcounsel.com

*Proposed Lead Counsel and Counsel
for Movant Saran Roley*

SARAN ROLEY'S SUPPLEMENTAL MEMORANDUM    3
RE: FEBRUARY 4, 2021 HEARING

CASE No. 3:20-cv-7674-WHA

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 11, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*/s/ Ramzi Abadou*
RAMZI ABADOU

# Mailing Information for a Case 3:20-cv-07674-WHA Mullen v. Wells Fargo & Company et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com,Ashley.Errington@ksfcounsel.com

- **Michael Albert**
  malbert@rgrdlaw.com,MAlbert@ecf.courtdrive.com,e_file_SD@rgrdlaw.com

- **Nanci L. Clarence**
  nclarence@clarencedyer.com,achin@clarencedyer.com,ahunt@clarencedyer.com

- **Brian Edward Cochran**
  bcochran@rgrdlaw.com,e_file_sd@rgrdlaw.com,kwoods@rgrdlaw.com

- **Josh Alan Cohen**
  jcohen@clarencedyer.com,achin@clarencedyer.com,ahunt@clarencedyer.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com,lpvega@pomlaw.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,tcrockett@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomla

- **Adam F. Shearer**
  ashearer@clarencedyer.com,achin@clarencedyer.com,ahunt@clarencedyer.com

- **Mark Solomon**
  marks@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jayant W. Tambe**
  jtambe@jonesday.com

- **John C. Tang**
  jctang@jonesday.com,mdavis@jonesday.com,californiadockets@jonesday.com

- **Robert Moss Tiefenbrun**
  rtiefenbrun@jonesday.com,ecfirvinenotifications@jonesday.com,dhansen@jonesday.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,cbarrett@rgrdlaw.com,ShawnW@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)