UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN A. MULLEN, on behalf of himself and a class of similarly situated investors,<br><br>    Plaintiffs,<br><br>  v.<br><br>WELLS FARGO & COMPANY, C. ALLEN PARKER, TIMOTHY J. SLOAN, and JOHN R. SHREWSBERRY,<br><br>    Defendants. | No. C 20-07674 WHA<br><br>*Related to*<br><br>No. C 20-07997 WHA<br><br>**ORDER CONSOLIDATING ACTIONS AND APPOINTING LEAD PLAINTIFF** |
| JASON WOOD, on behalf of himself and a class of similarly situated investors,<br><br>    Plaintiffs,<br><br>  v.<br><br>WELLS FARGO & COMPANY, C. ALLEN PARKER, TIMOTHY J. SLOAN, and JOHN R. SHREWSBERRY,<br><br>    Defendants. | |

**INTRODUCTION**

In these related securities actions alleging violations of Sections 10(b) and 20(a) of the 1934 Exchange Act, and Rule 10b-5, the motion to consolidate cases is **GRANTED**. Hawaii Employees' Retirement System is **APPOINTED LEAD PLAINTIFF.**

**STATEMENT**

On October 30, 2020, individual investor Steven A. Miller filed a putative securities action against defendant Wells Fargo Company and individual defendants C. Allen Parker, Timothy J. Sloan, and John R. Shrewsberry, some of the company's officers, alleging false and misleading statements in violation of federal securities laws. This action was brought on behalf of all those who purchased Wells Fargo common stock during the class period. That same day, Miller's counsel published a notice on PRNewswire informing investors that a class action lawsuit had been filed against Wells Fargo and that investors had 60 days from the publication of the notice to seek appointment as lead plaintiff. A second such class action was filed in this district by individual Jason Wood on November 13, 2020, and was later related by this Court. It alleges a class of those who purchased or otherwise acquired company securities during the class period.

Plaintiffs allege that Wells Fargo materially misled or defrauded investors by misrepresenting the strength of its commercial loans. Wells Fargo allegedly failed to disclose that it had ignored underwriting standards by issuing commercial loans valued in the billions to customers of poor credit quality or higher risk of default. Plaintiffs allege that Wells Fargo's false and misleading statements caused the bank's stock prices to increase during the class period between March and October 2020, and exposed Wells Fargo to severe risk. Wells Fargo announced financial results for the quarter ending March 31, 2020, in eight public disclosures from April and October 2020. The disclosures allegedly revealed a severe deterioration of its credit holdings. The company's share prices plummeted.

Four lead plaintiff candidates timely filed motions for appointment: (1) Paul Coyne and Coyne Fenwick Holdings, Inc., (2) Saran Roley, (3) Norfolk County Council as Administrating Authority of the Norfolk Pension Fund, and (4) Hawaii Employees' Retirement System. Coyne has since withdrawn. Roley acknowledges a lesser financial interest and does not oppose the

appointment of either the Retirement System or Norfolk, but seeks appointment as a co-lead plaintiff alongside one of the institutions, arguing that a co-leadership structure consisting of both an institution and an individual would help ensure that "a broader range of shareholder interests" are represented. Wells Fargo takes no position (Dkt. Nos. 28, 36, 38, 47; 50 at 1, 3; 51 at 2).

An earlier order requested that each candidate fill out a questionnaire about his or her qualifications, experience in managing litigation, transactions in the shares at issue, and any potential conflicts related to the instant securities litigation. Multiple candidates submitted questionnaires. Hawaii Employees' Retirement System and Norfolk emerged as the clear frontrunners based on reported losses. At the hearing (telephonic due to COVID-19), the parties disputed the proper method of conducting the LIFO analysis for measuring reported losses.

Candidates were asked to submit supplemental calculations using the following method, which the Court discussed during the hearing:

> Take all five accounts, including any that . . . started with this common stock prior to the class period and keep track of the cost basis and then go through on a LIFO basis within each account . . . [to] get a bottom-line number per account as to whether it was gained and how much the gain was. . . . I want you to run the complete analysis for each account individually taking into account whether or not it made money or lost money during the class period on the sales and purchases during the class period

(Trans. at 51:17-53:10). Copious briefing from Roley, the Hawaii Employees' Retirement System, and Norfolk followed. Movant Roley primarily disputes Hawaii Employees' Retirement System's adequacy for alleged omissions and misrepresentations in accounting and asks to be appointed alongside an institutional plaintiff. Norfolk and Hawaii Employees' Retirement System arrived at largely the same conclusion about their respective losses according to the above method, roughly six million and more than seventeen million, respectively.

**ANALYSIS**

**1.   CONSOLIDATION.**

Under Rule 42(a), the district court may consolidate actions where the actions involve a "common question of law or fact." The "district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). The complaints do not need to be identical for purposes of consolidation. Here, both complaints allege claims under Section 10(b) and 20(a) of the 1934 Exchange Act as well as Rule 10b-5. Both include allegations regarding Wells Fargo's nondisclosures and affirmative statements regarding the quality of its commercial loan portfolio. The complaints also share substantially the same class period; they differ only on whether to include the final day of the period, October 14, 2020. Additionally, the *Wood* complaint alleges a class of *securities* purchasers while the *Mullen* complaint alleges a class of *common stock* purchasers (*Wood*, 20-07997 at Dkt. No. 1 ¶ 1; *Mullen,* 20-07674 at Dkt. No. 1 ¶ 1).

Still, because the complaints involve common questions of fact and law, the motion to consolidate is **GRANTED**. The following civil actions are hereby **CONSOLIDATED**: *Mullen v. Wells Fargo*, 20-07674, and *Wood v. Wells Fargo*, 20-07997.

**2.   APPOINTMENT OF LEAD PLAINTIFF**

**A.   *LARGEST FINANCIAL INTEREST*.**

Based on the foregoing, the Court must now proceed to identify "the presumptively most adequate plaintiff." The PSLRA requires as follows:

> Subject to subclause (II), for purposes of clause (i) the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

4

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). In assessing financial interest, courts also consider the Lax-Olsten factors, which are: (1) gross shares purchased; (2) net shares purchased; (3) net funds expended; and (4) approximate losses suffered. *See In re Diamond Foods, Inc., Sec. Litig.*, 281 F.R.D. 405, 408 (N.D. Cal. 2012). Consistent with the plain language of Section 78u, the fourth, approximate loss, calculation matters most. *See In re Cheetah Mobile, Inc. Sec. Litig.*, No. CV 20-5696 MWFAFMX, 2021 WL 99635, at *3 (C.D. Cal. Jan. 12, 2021) (Judge Michael W. Fitzgerald). Moreover, while "[t]he Ninth Circuit has declined to endorse a particular method" to determine which party has the greatest financial stake, "[t]he weight of authority puts the most emphasis on the competing movants' estimated losses, using a 'last in, first out ('LIFO') methodology." *Nicolow v. Hewlett Packard Co.*, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) (Judge Charles Breyer). Absent proof that the lead plaintiff candidate with the largest financial interest does not satisfy the requirements of [Rule] 23, said candidate is "entitled to lead plaintiff status." *In re Cavanaugh*, 306 F.3d at 732.

LIFO proceeds as follows: "[A] plaintiff's sales of the defendant's stock during the class period are matched against the *last* shares purchased, resulting in an off-set of class-period gains from a plaintiff's ultimate losses." *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 304 (S.D. Ohio 2005) (emphasis added).

We are using LIFO method, but that is not the point of contention. The real dispute is how to treat multiple investment accounts maintained by a single lead plaintiff candidate across a class period. For example, Hawaii Employees' Retirement System held Wells Fargo stocks in five investment accounts during the class period. Account number five, for example, was managed by an investment firm referred to as "Pavilion"; account number one was managed by Blackrock. A problem arises when one or more of the accounts saw net profits during the class period and thus benefited from the artificial inflation and the prices of the stock. The dispute centers on how this gain should be folded into the ultimate loss (Trans. 24:3–4; 23:23).

The Court directed that each investment account be first assessed on its own losses and gains, that is netting out gains and losses within the class period, and arrive at a single net number for each investment account, and then combine these net numbers for an overall net figure. So, for example, a net gain in one account would reduce a net loss in another account. By this method, the Hawaii Employees' Retirement System's overall net loss was approximately three times as large as Norfolk's overall net loss. This is true by either party's calculations. Hawaii Employees' Retirement System is the presumptive candidate.

### B. REQUIREMENTS OF TYPICALITY AND ADEQUACY UNDER RULE 23.

Once a court determines which plaintiff has the largest financial interest, "the court must appoint that plaintiff as lead, unless it finds that [plaintiff] does not satisfy the typicality or adequacy requirements." *In re Cavanaugh*, 306 F.3d at 732; 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I) (Dkt. Nos. 72 at 1; 71 at 4–5).

The typicality requirement is satisfied when the putative lead plaintiff has suffered the same injuries as absent class members as a result of the same conduct by the defendants. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). In the instant action, the alleged announcement of risky investment practices caused defendants' stock prices to crater, harming Hawaii Employees' Retirement Fund and absent class members alike. As a result, its claims are based on the same legal theories as other class members. The supposedly "unique" defense of having one or more account that saw net gain in shares during the class period applies also to Norfolk, supplemental briefing revealed, and in any event does not undermine its overall loss. Having one or more investment account that saw net profits also does not undermine the Hawaii Employees' Retirement Fund's overall loss, since the fund writ large, not one account, is seeking appointment (Dkt. Nos. 75 at 2; 71 at 7).

The adequacy requirement of Rule 23(a)(4) permits certification only if "the representative parties will fairly and adequately protect the interests of the class." The two key inquiries are (1) whether there are conflicts within the class; and (2) whether plaintiff a counsel will vigorously fulfill their duties to the class. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011).

Norfolk raises criticisms, one of which is that Pomerantz is in bed with the Hawaii Employees' Retirement System, but that issue will be addressed as follows. The Court will require the Retirement System to conduct an interview process to select class counsel.

Hawaii Employees' Retirement Fund's failure to report bonds is a concerning omission but under these circumstances it is sufficiently *de minimis* that it will not affect the overall analysis.

Hawaii Employees' Retirement System reported in its questionnaire that it has served as lead plaintiff in six securities class actions. Its proposed manager has 20 years of litigation experience and has been assigned to oversee securities litigation for the Attorney General's office since 2017. Therefore, this order selects the Hawaii Employees' Retirement System as lead plaintiff. Elmira Tsang, Deputy Attorney General, will serve as the case manager.

Norfolk and its counsel have done a good job pointing out issues in this selection process and the Court thanks them.

Movant Roley will not be appointed as co-lead plaintiff. Multiple lead plaintiffs are usually appointed only if the parties had a meaningful relationship preceding the litigation and remains connected by more the suit. *See In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1027 (N.D. Cal. 1999) (Judge William Alsup). The issue with appointing a disparate, unrelated group is that it would encourage lawyers to direct the litigation, as opposed to allowing plaintiffs to seek out the lawyers as the PSLRA intended. *See* H.R. Conf Rep. No. 104–369, at 35 (1995). Roley claims no relationship to any other candidate for lead plaintiff; the potential advantage of an individual's perspective does not present a compelling reason to appoint multiple lead plaintiffs. Her request is **DENIED**.

**INSTRUCTIONS TO HAWAII EMPLOYEES' RETIREMENT SYSTEM**

Hawaii Employees' Retirement System is hereby appointed lead plaintiff. The following sets forth the procedure for selecting and approving class counsel. Under the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Selection and approval require an assessment of the strengths, weaknesses, and experience of counsel as well as the financial

burden — in terms of fees and costs — on the class. *Wenderhold v. Cylink Corp.*, 191 F.R.D. 600, 602–03 (N.D. Cal. February 4, 2000) (Judge Vaughn R. Walker).

Any important decision made by a fiduciary should be preceded by due diligence. A lead plaintiff is a fiduciary for the investor class. No decision by the lead plaintiff is more important than the selection of class counsel. Consequently, the lead plaintiff should precede its choice with due diligence. The extent of such due diligence is a matter of judgment and reasonableness based on the facts and circumstances.

The lead plaintiff may consider its current counsel along with all other candidates but it may not give current counsel any special preference. Considerations should include each candidate's fee proposal, its track record, the particular lawyers to be assigned to the case, the candidate's ability and willingness to finance the case, the candidate's proposals for the prosecution of the case, and the factors set forth in the questionnaire.

The lead plaintiff should immediately proceed to perform its due diligence in the selection of class counsel, and to interview appropriate candidates. Counsel wishing to apply to be considered for the role of lead counsel should promptly contact Hawaii Employees' Retirement System at:

425 Queen Street
Honolulu, Hawai'i 96813
Telephone: (808) 586-0618
Fax: (808) 586-1372

Hawaii Employees' Retirement System shall promptly advertise for applicants and leave open the application period for class counsel until **APRIL 22, 2021**, and shall make a final decision as to the selection of counsel by **MAY 6, 2021**. Through counsel, Hawaii Employees' Retirement System shall move for the appointment and approval of their selected counsel no later than **MAY 26, 2021**. The motion should be accompanied by a declaration from the lead plaintiff explaining the due diligence undertaken with respect to the selection of class counsel. The declaration should also explain why the counsel selected was favored over other potential candidates. The declaration should be filed under seal and not served on defendants. The

motion for approval of lead plaintiff's choice of counsel, however, should be served on defense counsel. No hearing will be held on the motion unless the Court determines that it would be beneficial.

**CONCLUSION**

For the foregoing reasons, the cases are **CONSOLIDATED**. The Hawaii Employees' Retirement System is **APPOINTED LEAD PLAINTIFF**. Elmira Tsang shall serve as manager for lead plaintiff.

**IT IS SO ORDERED.**

Dated: March 15, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE